Paul Castronovo (Attorney ID # 015651999)
**CASTRONOVO & McKINNEY, LLC**
71 Maple Avenue
Morristown, NJ 07960
(973) 920-7888
Attorneys for Plaintiff
Kenneth Sanders

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH SANDERS,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>RUTGERS – THE STATE UNIVERSITY OF NEW JERSEY and ESTATE OF JAN ELLEN LEWIS,<br><br>　　　　　　Defendants. | Civil Action No:<br><br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Kenneth Sanders ("Plaintiff"), through his attorneys, Castronovo & McKinney, LLC, files this Complaint and Jury Demand seeking compensatory damages, punitive damages, attorneys' fees, and costs of suit from Defendants, Rutgers – the State University of New Jersey ("Defendant Rutgers") and Estate of Jan Ellen Lewis ("Defendant Lewis") (collectively, "Defendants"), and alleges as follows:

### JURISDICTION AND VENUE

1.　　Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1, *et seq.*

2.　　This Court possesses subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental jurisdiction for state law claims).

3. Venue is proper in this Court as Plaintiff resides in New Jersey and worked for Defendant Rutgers in Essex County, New Jersey, and the events giving rise to the claims occurred in this District.

4. Defendant Rutgers is a public university engaged in business throughout New Jersey and maintains its principal place of business at 360 Dr. Martin Luther King, Jr. Boulevard, Newark, New Jersey.

5. Plaintiff currently resides at 131 Dunellen Avenue, Dunellen, New Jersey.

6. Defendant Lewis is a resident of the State of New Jersey.

7. On January 30, 2018, Plaintiff filed a Charge of Discrimination with the EEOC alleging disability discrimination, age discrimination, and retaliation by Defendants in violation of Title VII.

8. Plaintiff's Charge of Discrimination was cross-filed with the New Jersey Division on Civil Rights alleging Defendants violated the LAD.

9. On July 26, 2018, the EEOC issued a Final Determination on Plaintiff's Charge of Discrimination and concluded "that there is reasonable cause to believe that Respondent [Rutgers] has discriminated against Charging Party [Sanders] on the basis of disability and in retaliation."

10. As such, Plaintiff exhausted his administrative remedies with the EEOC before timely filing suit under Title VII.

## FACTS

11. Defendant Rutgers employed Plaintiff at its Newark campus as Dean of Student Affairs from January 12, 2012 through August 16, 2017.

12. Plaintiff suffers from Post-Traumatic Stress Disorder (PTSD).

13. PTSD is a disability.

14. Plaintiff asked Defendants to provide him with reasonable accommodations of his disability.

15. When Defendants refused to provide such reasonable accommodations, Plaintiff filed a Charge of Discrimination in January 2016 with the EEOC and cross-filed with the New Jersey Division on Civil Rights.

16. The 2016 Charge of Discrimination was resolved through a Conciliation Agreement dated September 2, 2016 where Defendants agreed to provide Plaintiff with reasonable accommodations.

17. On August 16, 2017, Defendants terminated Plaintiff's employment.

18. Defendants claimed they fired Plaintiff for showing poor judgment in handling a domestic violence situation with a student in December 2014 (for which Defendants reprimanded him in January 2015) and for authorizing a student with 119 credits to graduate in 2017 (120 credits are needed).

19. But Defendants' policy granted Plaintiff the authority to suspend policies to resolve complex scenarios or conflicts between students and faculty.

20. As stated by the EEOC, since Plaintiff exercised his discretion in resolving these two instances cited by Defendants and Defendants did not have in place set criteria, processes, and procedures to address these situations, it was unreasonable to terminate Plaintiff's employment on those grounds.

21. The EEOC further found that Defendants did not cite any performance issues or incidents of poor judgment by Plaintiff since 2015 and Plaintiff was not placed on a final warning or given notice regarding these issues.

22. Consequently, Defendants' stated reasons for firing Plaintiff are a mere pretext for unlawful retaliation against Plaintiff for asserting disability discrimination in his 2016 Charge of Discrimination.

## COUNT I

## LAD – Retaliation

23. Plaintiff repeats and incorporates the facts alleged in the preceding paragraphs.

24. At all times, Plaintiff satisfactorily performed his job in a manner that met Defendant Rutgers' legitimate expectations.

25. In filing a Charge of Discrimination in January 2016, Plaintiff engaged in activity protected by the Law Against Discrimination, N.J.S.A. 10:5-1, *et seq*.

26. Defendant Rutgers' termination of Plaintiff's employment constitutes an adverse employment action by Defendant Rutgers.

27. Defendant Rutgers terminated Plaintiff's employment as a result of his exercise of his rights under the Law Against Discrimination to file a Charge a Discrimination due to Defendant Rutgers' refusal to accommodate his disability.

28. Defendant Rutgers' actions violate the Law Against Discrimination.

29. Defendant Rutgers' conduct was willful, malicious and/or especially egregious and done with the knowledge and/or participation of upper level management, including but not limited to Defendant Lewis.

30. As a result of Defendant Rutgers' wrongful conduct, Plaintiff has suffered, and continues to suffer, damages including: back pay, front pay, pain and suffering, and severe emotional distress.

## COUNT II

### Individual Liability

31. Plaintiff repeats and incorporates the facts alleged in the preceding paragraphs.

32. At all relevant times, Defendant Lewis served as a supervisor of Plaintiff during the above discrimination and retaliation against Plaintiff.

33. Defendants Lewis knowingly discriminated and retaliated against Plaintiff when she decided to terminate Plaintiff's employment and refused to accommodate his disability.

34. Defendant Lewis' conduct violates the Law Against Discrimination because she deprived Plaintiff of employment in retaliation for Plaintiff's exercise of his protected legal rights.

35. Defendant Lewis is liable for aiding and abetting the unlawful retaliation against Plaintiff in violation of the Law Against Discrimination, N.J.S.A. 10:5-12(e).

36. As a result of Defendants Lewis' wrongful conduct, Plaintiff has suffered, and continues to suffer, damages including: back pay, front pay, pain and suffering, and severe emotional distress.

## COUNT III

### Title VII – Retaliation

37. Plaintiff repeats and incorporates the facts alleged in the preceding paragraphs.

38. At all times, Plaintiff satisfactorily performed his job in a manner that met Defendant Rutgers' legitimate expectations.

39. In filing a Charge of Discrimination in January 2016, Plaintiff engaged in activity protected by Title VII, 42 U.S.C. § 2000e, *et seq*.

40. Defendant Rutgers' termination of Plaintiff's employment constitutes an adverse employment action by Defendant Rutgers.

41. Defendant Rutgers terminated Plaintiff's employment as a result of his exercise of his rights under Title VII to file a Charge a Discrimination due to Defendant Rutgers' refusal to accommodate his disability.

42. Defendant Rutgers' actions violate Title VII.

43. Defendant Rutgers' conduct was willful, malicious and/or especially egregious and done with the knowledge and/or participation of upper level management, including but not limited to Defendant Lewis.

44. As a result of Defendant Rutgers' wrongful conduct, Plaintiff has suffered, and continues to suffer, damages including: back pay, front pay, pain and suffering, and severe emotional distress.

**WHEREFORE**, Plaintiff seeks judgment against Defendants on each count awarding him compensatory damages, punitive damages, attorneys' fees, costs of suit, pre- and post-judgment interest, and all other relief that the Court deems equitable and just.

**CASTRONOVO & McKINNEY, LLC**

Dated: October 16, 2018         By:_____
                                          Paul Castronovo
                                          Attorneys for Plaintiff

### DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

**CASTRONOVO & McKINNEY, LLC**

Dated: October 16, 2018         By:_____
                                          Paul Castronovo
                                          Attorneys for Plaintiff

## **DESIGNATION OF TRIAL COUNSEL**

      Plaintiff designates Paul Castronovo as trial counsel in this action.

                                                          **CASTRONOVO & McKINNEY, LLC**

Dated: October 16, 2018                        By:_____
                                                        Paul Castronovo
                                                         Attorneys for Plaintiff